**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kristin Golestan k/k/a Kristin Wolfe, Respondent,

v.

Amir Golestan, Appellant.

Appellate Case No. 2022-000171

Appeal From Charleston County
Michèle Patrão Forsythe, Family Court Judge

Unpublished Opinion No. 2023-UP-312
Submitted September 12, 2023 – Filed September 20, 2023

**AFFIRMED**

Jon A. Mersereau, of Charleston, for Appellant.

Chris Paton, of Chris Paton LLC; and Jerry Nicholas Theos, of Theos Law Firm, LLC, both of Charleston, for Respondent.

**PER CURIAM:** Amir Golestan (Father) appeals the family court's order finding him in willful contempt of the court. On appeal, Father argues the family court erred by (1) failing to grant his motion for a continuance, (2) granting relief not requested in Kristin Golestan's (Mother's) pleadings and for which Father had no notice, (3) failing to grant Father's motion for the family court judge to recuse

herself, and (4) awarding attorney's fees and expert fees for a hearing that should not have gone forward because of the foregoing issues. We affirm pursuant to Rule 220(b), SCACR.

Initially, we find Father's contention that the family court erred by granting relief not requested in Mother's pleadings not preserved for appellate review because this issue was not raised to and ruled on by the family court. *See Kosciusko v. Parham*, 428 S.C. 481, 506, 836 S.E.2d 362, 375 (Ct. App. 2019) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [family court]." (quoting *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003))).

Next, we hold the family court did not abuse its discretion by denying Father's motion to continue. *See Sellers v. Nicholls*, 432 S.C. 101, 114, 851 S.E.2d 54, 60-61 (Ct. App. 2020) ("[W]e will not set aside a judge's ruling on a motion for a continuance unless it clearly appears there was an abuse of discretion to the prejudice of the movant." (emphasis omitted) (quoting *Townsend v. Townsend*, 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996))). The family court articulated on the record its reasonings for holding an emergency hearing, which in turn support its denial of Father's motion for a continuance. *See Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 839 (Ct. App. 2021) ("An abuse of discretion occurs when the family court's decision is controlled by some error of law or whe[n] the order, based upon findings of fact, is without evidentiary support." (alteration in original) (quoting *Gartside v. Gartside*, 383 S.C. 35, 42, 677 S.E.2d 621, 625 (Ct. App. 2009))); *see also* Rule 14(d), SCFCR ("The rule to show cause, and the supporting affidavit or verified petition, shall be served, in the manner prescribed herein, not later than ten days before the date specified for the hearing, unless a different notice period is fixed by the issuing judge within the rule to show cause. In an emergency situation, the notice period of ten days may be reduced by the issuing judge.").

We further hold the family court did not abuse its discretion by denying Father's motion to recuse because Father failed to show evidence of bias or prejudice. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) ("Under South Carolina law, if there is no evidence of judicial prejudice, a judge's failure to disqualify himself will not be reversed on appeal."); *id.* ("It is not sufficient for a party seeking disqualification to simply allege bias; the party must

show some evidence of bias or prejudice.").  Finally, in light of this court's ruling on the foregoing issues, we find issue four without merit.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.